Elizabeth A. Jones, OSB #201184
beth@capitol.legal
Capitol Legal Services
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250

Vance D. Day, OSB #912487
Vance.day@teamvanceday.org
Law Offices of Vance D. Day
PO Box 220
Powell Butte, OR 97753
   Telephone: (503) 409-5562

James Bopp, Jr. IN No. 2838-84*
jboppjr@aol.com
The Bopp Law Firm
The National Building, 1 South Sixth Street
Terre Haute, IN 47807-3510
    Telephone: (812) 232-2434
   *Pro hac vice application forthcoming
      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DENNIS LINTHICUM; REJEANA JACKSON; KLAMATH COUNTY REPUBLICAN CENTRAL COMMITTEE; BRIAN J. BOQUIST; JOHN SWANSON; POLK COUNTY REPUBLICAN CENTRAL COMMITTEE; CEDRIC HAYDEN; JOHN LARGE; and LANE COUNTY REPUBLICAN CENTRAL COMMITTEE,<br><br>          Plaintiffs,<br>  v.<br><br>OREGON SENATE PRESIDENT ROB WAGNER, individually and in his official capacity; OREGON SECRETARY OF STATE LAVONNE GRIFFIN-VALADE, in her official capacity,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>§ 1983 – First and Fourteenth Amendments |

Page 1 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1.  In 2019, 2020, and 2021, Oregon Republican lawmakers used walkouts to kill Democrats' greenhouse gas cap-and-trade plans, to kill vaccine and gun regulation bills, and to protest the Governor's Covid-19 regulations. With Democratic supermajorities in both the House and Senate, walkouts were one of the few tactics minority parties had available to block the majority from passing their policy priorities. Republican and Democratic Party caucuses have both effectively used walkouts as a political tool in Oregon because the state is one of a few in the nation that requires two-thirds of lawmakers to be present for a quorum. All other states require no more than half of lawmakers to be present to vote on bills. Walkouts are a lawful form of political protest.

2.  In 2022, instead of amending Oregon's high quorum requirement, public employee unions and groups that tend to support Democratic candidates spearheaded and funded an effort to get Measure 113 on the ballot - reportedly spending $1.7 million on signature-gathering and more than $100,000 on the campaign to pass it.[1] The Measure amended Or. Const. art. IV, § 15, which now provides:

> Failure to attend, without permission or excuse, ten or more legislative floor sessions called to transact business during a regular or special legislative session shall be deemed disorderly behavior and shall disqualify the member from holding office as a Senator or Representative for the term following the election after the member's current term is completed.

3.  With proper safeguards and parameters, this amendment *could* be applied lawfully. Unfortunately, the provision has been unconstitutionally executed to exclude a certain class of candidates from the ballot – candidates willing to deny the majority a quorum.

---

[1] "The labor groups said that the approach in M113 polled better with voters, who were swayed by the argument that lawmakers should lose their jobs if they don't come to work." *Retrieved from*: Oregonians limit legislative walkouts as Measure 113 passes easily in unofficial returns - OPB on November 4, 2023.

Page 2 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**JURISDICTION AND VENUE**

4. This case is brought under the First and Fourteenth Amendments and 42 U.S.C. § 1983, so this Court has federal-question jurisdiction, 28 U.S.C. §§ 1331 and 1343, and may provide declaratory and injunctive relief, 28 U.S.C. §§ 2201 and 2202; Fed. R. Civ. P. 57 and 65. This Court has authority to award attorneys' fees pursuant to 42 U.S.C. §1988. Each of the acts, or threats of acts, alleged herein were inflicted by Defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Oregon.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 because all acts alleged herein occurred in Marion County, Oregon.

**PARTIES**

6. Plaintiffs Dennis Linthicum, Brian Boquist, and Cedric Hayden ("Senator Plaintiffs") are elected Oregon State Senators and citizens of the United States and the State of Oregon. All three Senator Plaintiffs are registered Republicans.

7. Plaintiffs Rejeana Jackson, John Swanson, and John Large ("Voter Plaintiffs") are registered Republican voters and citizens of the State of Oregon. Plaintiff Jackson resides in the district represented by Senator Linthicum. Plaintiff Swanson resides in the district represented by Senator Boquist. Plaintiff Large lives in the district represented by Senator Hayden. Voter Plaintiffs wish to associate with Senator Plaintiffs who represent them and their political viewpoints.

8. Plaintiffs Klamath County Republican Central Committee, Polk County Republican Central Committee and Lane County Republican Central Committee ("Party Plaintiffs") exist and are organized under Oregon Revised Statutes, Chapter 248. Senate District

28, represented by Senator Linthicum, is within the area under the authority of the Klamath County Republican Central Committee. Senate District 12, represented by Senator Boquist, is within the area under the authority of the Polk County Republican Central Committee. Senate District 6, represented by Senator Hayden, is within the area under the authority of the Lane County Republican Central Committee. Party Plaintiffs wish to associate with Senator Plaintiffs who represent them and their political viewpoints.

## FACTUAL ALLEGATIONS

9. The 82nd Oregon Legislative Assembly convened on January 17th, 2023. This was the first legislative session to apply Oregon Constitution art. IV, § 15 ("Punishment and expulsion of members"), as amended by Measure 113. Art. IV, § 15 now states, in its entirety,

> Either house may **punish its members** for disorderly behavior, and may with the concurrence of two thirds, expel a member; but not a second time for the same cause. Failure to attend, **without permission or excuse**, ten or more legislative floor sessions called to transact business during a regular or special legislative session shall be deemed disorderly behavior and shall disqualify the member from holding office as a Senator or Representative for the term following the election after the member's current term is completed.

(Emphasis added). Senator Plaintiffs failed to attend, without permission, but with excuse, ten or more legislative floor sessions in the 2023 Regular Session and were thereafter disqualified from running for office. (Senators Linthicum and Boquist have already been disqualified from the 2024 ballot. In 2026, Senator Hayden will be disqualified from the ballot.) "Punishment" is the stated purpose of section 15. Senator Plaintiffs were punished for exercising their First Amendment rights and their punishment snowballed into additional constitutional violations.

10. Only the Defendant Senate President Rob Wagner ("Wagner") determines if an absent member has permission to be absent or not. There are no laws or rules putting legislators on notice of what category of absence is "unexcused." There are no historical indicators. There is

Page 4 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

no hearing process. There are no provisions for an appeal process. If there was a hearing and appeal process, Senator Plaintiffs would have challenged Wagner's arbitrary and unconstitutional execution of art. IV, § 15, *before* they were disqualified from the ballot.

11. Between January 17th and May 2nd, before the 2023 walkout, Wagner excused *every* absence request. Moreover, members who were absent *without* a written request (which is required by Senate Rule 3.10) were also excused. During this time, Senate members were absent dozens of times, but this is *not* reflected in the Senate Journal (also required by Senate Rule 3.10). Wagner excused *himself* for missing a session on March 7, 2023, but did not provide a written request as required.

12. Wagner's execution of art. IV, § 15 changed dramatically on May 3rd when several minority members walked out in protest to deny the majority a quorum. During this time, Wagner began using "unexcused" absences to punish Senator Plaintiffs for walking out - even when their absence request forms explicitly stated they were exercising their First Amendment rights to protest and to exercise their religion. This same day, Wagner approved requests for absences due to medical treatment, to care for one's parents, and to attend the Governor's tour, yet disapproved Senator Hayden's request to be absent in protest on May 4th. Senators exercising their First Amendment rights were "unexcused," while others were "excused."

13. On May 5th, Wagner *retroactively* "unexcused" absence requests from those who participated in the walkout – requests he had "excused" before they walked out. There is no rhyme or reason to the process of being excused. Some members were excused for medical purposes, while others were not. Some members were required to submit a doctor's letter while others were not. The definition of an "unexcused absence" remains arbitrary and unknowable – and the punishment for accumulating ten unexcused absences is severe.

Page 5 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

14. After May 3rd, Wagner denied Senator Hayden's requests to be excused for religious services but approved other's requests to respond to an urgent home repair, and to attend a funeral. Hayden is a devout Seventh-day Adventist who observes the Sabbath on Saturdays. Hayden has served in the Oregon legislature for almost a decade and was always excused to attend Saturday church services until Wagner punished him with unexcused absences in 2023. Wagner attempted to hold Saturday sessions twice during the walkout, on May 6th and June 24th. Both times, Hayden requested permission to observe the Sabbath. Both times, Wagner denied his request - once when the Senate President did *not* expect to have quorum and once when the Senate President *did* expect to have quorum.

15. Between June 12th and June 14th, 2023, minority and majority leaders negotiated ending the walkout. On these dates, for unknown reasons, <u>no</u> absent members received unexcused absences, whether they attended or not. On June 15th, several minority members returned from the walkout and reinstated a quorum.

16. On June 25th, Wagner denied Boquist's request to attend Catholic Mass on a documented Holy Day. Boquist is a devout Catholic who has served in the state legislature for over a dozen years. Before Wagner became Seante President, Boquist had not received a single unexcused absence for practicing his religion.

17. On June 25th, the Legislative Assembly adjourned Sine Die.

18. On August 28th, 2023, the Secretary of the Senate submitted to the Secretary of State Griffin-Valade ("Griffin-Valade") a compilation of unexcused absences for senators from the 2023 Regular Session. As a result of this communication to Griffin-Valade, and her unlawful execution of art. IV, § 15, Senator Boquist was disqualified from candidacy in the 2024 election on September 20, 2023. The same day, Senator Linthicum was also disqualified from candidacy

in the 2024 election. Logically, Senator Hayden will be disqualified from candidacy in the 2026 election without this Court's intervention.

19. On October 4th, Senators Boquist and Linthicum formally raised their legal objections regarding their unexcused absences to Griffin-Valade. On October 19th, she reinforced her determination that disqualifying candidates for exercising their First Amendment rights is lawful.

20. Senator Plaintiffs Boquist and Linthicum are unable to campaign and raise funds for the upcoming May 2024 election. The deadline to file for candidacy is March 12th, 2024.

## FIRST CLAIM FOR RELIEF

### First Amendment Retaliation – 42 U.S.C. § 1983
(Against All Defendants)

21. Senator Plaintiffs have a First Amendment right to speech, including a right to express their views through political protest. Defendants punished Senator Plaintiffs for denying the majority a quorum by issuing them "unexcused" absences. Wagner's unexcused absences culminated into "disorderly behavior," which Griffin-Valade used to disqualify certain minority senators from the next election. Being disqualified from the ballot would chill a person of ordinary firmness from continuing to express their views through political protest. The Senators were punished solely for exercising their First Amendment rights.

## SECOND CLAIM FOR RELIEF

### First Amendment Freedom of Association – 42 U.S.C. § 1983
(Against All Defendants)

22. It is well established that the impact of candidate eligibility requirements on voters and political parties implicates basic constitutional rights. All Plaintiffs have a First Amendment right to associate for the advancement of common political beliefs and goals.

Page 7 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

23. Disqualifying minority party members for denying the majority party a quorum unfairly excludes a certain class of candidates from the electoral process – a class of candidates willing to exercise their constitutional right to deny the majority a quorum. Disqualification from the ballot severely burdens Voter Plaintiffs' First Amendment right to vote and Party Plaintiffs' right of association and right to elect like-minded candidates.

24. Defendants intend to restrict political participation by Plaintiffs and all others who share their viewpoint. But Defendants have no legitimate interest in burdening Plaintiffs' voting and associational rights; their restrictions are not narrowly drawn; and they do not advance a compelling state interest. Bare legislative desire to harm a politically unpopular group cannot constitute a legitimate governmental interest.

### THIRD CLAIM FOR RELIEF

**First Amendment Free Exercise – 42 U.S.C. § 1983**
(Against Defendant Wagner)

25. The Free Exercise Clause of the First Amendment protects against being penalized for exercising one's religion. Senators Hayden and Boquist have deeply held religious convictions and were historically excused to participate in religious services - until they walked out to deny the majority a quorum on May 3rd, 2023. *After* the May 3rd walkout, Wagner penalized both senators with unexcused absences for participating in religious services. Even after June 15th, when a quorum reinstated, Wagner denied their requests to attend church on Holy Days – while excusing others for secular purposes.

26. Punishing political dissenters from accessing the ballot for exercising their First Amendment rights is *not* a compelling state interest. Defendants' conduct is far from narrowly tailored to prevent minority members from denying a quorum.

//

Page 8 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## FOURTH CLAIM FOR RELIEF

**Fourteenth Amendment Procedural Due Process – 42 U.S.C. § 1983**
(Against Defendant Wagner)

27. The Due Process Clause of the Fourteenth Amendment prevents the government from abusing its power or from wielding it as an instrument of oppression. The freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the "liberty" assured by the Due Process Clause. Defendants violated Plaintiffs' liberty interests by disqualifying candidates who advance their political viewpoint and goals.

28. The Procedural Due Process Clause guarantees that when one's liberty is deprived by the State, fair procedures will exist at a meaningful time and in a meaningful manner. Defendant Wagner exclusively, arbitrarily, and punitively distributed and tallied unexcused absences until Senator Plaintiffs were disqualified from the ballot. No definition of "unexcused" exists, no hearing process exists, and no appeal process exists. Senator Plaintiffs accumulated unexcused absences with no explanation or recourse.

29. After Wagner arbitrarily executed Or. Const. art. IV, § 15, Griffin-Valade continued the punishment by disqualifying Senators Boquist and Linthicum from candidacy in the 2024 election. Without this Court's intervention, Senator Hayden will be disqualified from candidacy in the 2026 election.

## FIFTH CLAIM FOR RELIEF

**Fourteenth Amendment Equal Protection – 42 U.S.C. § 1983**
(Against Defendant Wagner)

30. All persons similarly situated should be treated alike under the law. Defendant Wagner used Or. Const. art. IV, § 15 as a weapon against Senate members who *denied the majority a quorum*. Senator Plaintiffs who denied the majority a quorum were *punished* with "unexcused"

Page 9 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

absences when they were absent from a Senate roll call. Senators who *did not participate in the walkout* were *rewarded* with "excused" absences when absent from the same Senate roll call. Ultimately, the <u>only</u> class of Senate members disqualified from the ballot were those who denied the majority a quorum for ten or more days.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against the actions of Defendants:

A. Declaratory judgment that Defendant Wagner violated Senator Plaintiffs' First and Fourteenth Amendment rights by arbitrarily issuing unexcused absences as punishment for Senator Plaintiffs exercising their First Amendment rights;

B. Declaratory judgment that Senator Defendants are not subject to art. IV, § 15 punishment for exercising their First Amendment rights.

C. Declaratory judgment that exercising one's constitutional rights is a valid "excuse" for absence under art. IV, § 15.

D. Declaratory judgment that Defendants violated Voter and Party Plaintiffs' First and Fourteenth Amendment rights to vote and to associate with like-minded candidates by unlawfully and arbitrarily excluding Senator Plaintiffs from the ballot;

E. Preliminary and permanent injunctions preventing Senate Presidents from arbitrarily issuing "unexcused" absences;

F. Preliminary and permanent injunctions preventing Senate Presidents from issuing "unexcused" absences as punishment when members are exercising First Amendment rights;

G. Preliminary injunction preventing enforcement of Defendant Griffin-Valade's ballot disqualifications against Senators Boquist and Linthicum;

H. Nominal damages;

I. For fees, including reasonable attorney fees, costs, and interest, if authorized by law; and

J. Any other relief the Court deems just and proper.

DATED this 6th day of November, 2023.

                                          s/ Elizabeth A. Jones
                                         Elizabeth A. Jones, OSB #201184
                                         Vance D. Day, OSB #912487
                                         James Bopp Jr., ISB #2838-84*
                                         Of Attorneys for Plaintiffs
                                         (*Pro hac vice application forthcoming)