Elizabeth A. Jones, OSB #201184
beth@capitol.legal
Capitol Legal Services
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250

Vance D. Day, OSB #912487
Vance.day@teamvanceday.org
Law Offices of Vance D. Day
PO Box 220
Powell Butte, OR 97753
   Telephone: (503) 409-5562

James Bopp, Jr. IN No. 2838-84*
jboppjr@aol.com
The Bopp Law Firm
The National Building, 1 South Sixth Street
Terre Haute, IN 47807-3510
   Telephone: (812) 232-2434
    *Pro hac vice application forthcoming
     Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DENNIS LINTHICUM; REJEANA JACKSON; KLAMATH COUNTY REPUBLICAN CENTRAL COMMITTEE; BRIAN J. BOQUIST; JOHN SWANSON; POLK COUNTY REPUBLICAN CENTRAL COMMITTEE; CEDRIC HAYDEN; JOHN LARGE; and LANE COUNTY REPUBLICAN CENTRAL COMMITTEE, <br><br>                    Plaintiffs, <br>  v. <br><br>OREGON SENATE PRESIDENT ROB WAGNER, individually and in his official capacity; OREGON SECRETARY OF STATE LAVONNE GRIFFIN-VALADE, in her official capacity, <br><br>                    Defendants. | Case No. 6:23-cv-01624-AA <br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Page 1 – **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

## LOCAL RULE 7-1 CERTIFICATION

Plaintiffs filed this Motion contemporaneously with their Compliant because time is of the essence. As examined below, irreparable harm is compounding daily. Accordingly, Plaintiffs' counsel will confer with Defendants' counsel as soon as they are identified.

## MOTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs move this Court for a preliminary injunction enjoining Defendant Oregon Secretary of State Griffin-Valade from disqualifying Senators Linthicum and Boquist from the 2024 Election. This Motion is supported by Plaintiffs' Complaint, the declarations of Brian Boquist, Dennis Linthicum, Rejeana Jackson, and John Swanson, and the Memorandum below.

## MEMORANDUM

### I.  BACKGROUND

In 2022, Measure 113 amended Or. Const. art. IV, § 15 ("Punishment and expulsion of members"), which now provides:

> Failure to attend, without permission or excuse, ten or more legislative floor sessions called to transact business during a regular or special legislative session shall be deemed disorderly behavior and shall disqualify the member from holding office as a Senator or Representative for the term following the election after the member's current term is completed.

Oregon Public Broadcasting ("OPB") reported that "Measure 113 was conceived as a way to get around Oregon's constitutional quorum requirement."[1] (Oregon requires two-thirds of lawmakers to be present for a quorum, while most states require half to be present.). Defendant Oregon Secretary of State Griffin-Valade's chief of staff readily admits that Measure 113 was "meant to

---

[1] *Retrieved from*: Oregonians limit legislative walkouts as Measure 113 passes easily in unofficial returns - OPB on November 4, 2023.

Page 2 – **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

discourage legislative walkouts."[2] (emphasis added). It is clearly established that punishing elected officials for exercising their First Amendment rights is unconstitutional – no matter how the package is delivered.

> The very purpose of a Bill of Rights was to withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts. One's right to life, liberty, and property, to free speech, a free press, freedom of worship and assembly, and other **fundamental rights may not be submitted to vote; they depend on the outcome of no elections**.

*W. Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943) (emphasis added).

As alleged in Plaintiffs' Complaint, Defendant Senate President Rob Wagner arbitrarily and punitively applied art. IV, § 15 against Senator Plaintiffs in retaliation for their political protest. The Secretary of the Senate recorded "unexcused" absences and submitted them to Defendant Griffin-Valade on August 28th. (Boquist Decl., Ex. 1). The 2023 Senate Journal shows that the days Senators Linthicum and Boquist were marked "unexcused" are the same days they requested absences to exercise their First Amendment rights to speech and religion. *Compare* Boquist Decl., Ex. 1 *with* Boquist Decl., Ex. 2 and Linthicum Decl., Ex. 1.

September 14th, 2023 marked the first day of the 2024 election season in Oregon. Senator Plaintiffs Linthicum and Boquist both submitted candidacy forms and paid fees to appear on the 2024 ballot. Defendant Griffin-Valade's staff determined neither Senator qualified to run because they accumulated ten or more unexcused absences during the 2023 Regular Session. Accordingly, on September 20th, Defendant Griffin-Valade officially disqualified Senator Plaintiffs Linthicum and Boquist from running for office in the 2024 election and returned their candidate fees. (Linthicum Decl., Ex. 2; Boquist Decl., Ex. 3). Senators Boquist and Linthicum submitted requests

---

[2] *Retrieved from*: Oregon candidates line up on first day to file for 2024 election – Oregon Capital Chronicle on November 4, 2023.

Page 3 – **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

for reconsideration, explaining how art. IV, § 15 was unlawfully applied to their absences, but Defendant Griffin-Valade was unpersuaded and affirmed their disqualifications. (Boquist Decl., Ex. 4, Linthicum Decl., Ex. 3). Plaintiffs' Complaint followed. (ECF 001).

Defendant Wagner's unconstitutional application of art. IV, § 15 also violates Voter Plaintiffs' and Party Plaintiffs' First Amendment associational rights by excluding a class of candidates willing to deny the majority a quorum. Voter Plaintiffs would happily re-elect their incumbents who participated in the 2023 walkout. (Swanson Decl., ¶ 2; Jackson Decl., ¶ 2) (Senator Plaintiffs represent their "unpopular" political views). Constituents, not Defendants, must decide whether Senator Plaintiffs continue in their jobs or not.

II.     LEGAL ARGUMENT

Plaintiffs seeking a preliminary injunction "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The possibility of irreparable harm is not enough, Plaintiffs must establish such harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

A.     Plaintiffs are Likely to Succeed on Their First Amendment Retaliation Claim

To establish a First Amendment retaliation claim, Plaintiffs must show (1) they were engaged in a constitutionally protected activity, (2) Defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the Defendants' conduct. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006).

(1) *Senator Plaintiffs were engaged in a constitutionally protected activity when they walked out in protest to deny the majority a quorum*. Political speech is core First Amendment speech, critical to the functioning of our democratic republic. *Carey v. Brown,* 447 U.S. 455, 467 (1980). A legislative walk-out is a form of political speech. *Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). The First Amendment applies with particular force to protest activities. *U.S. v. Baugh,* 187 F.3d 1037, 1042 (9th Cir.1999). And "the practice of persons sharing common views banding together to achieve a common end is deeply embedded in the American political process." *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 907 (1982) (quoting *Citizens Against Rent Control/Coal. for Fair Hous. v. City of Berkeley,* 454 U.S. 290, 294 (1981)).

(2) *Being disqualified from running for office would chill a person of ordinary firmness from denying the majority a quorum*. The majority indisputably planned for amendments to Or. Const. art. IV, § 15 to "discourage legislative walkouts." A political consultant and strategist on the "Yes on 113" campaign unabashedly declared that Measure 113 was a "simple" solution to the "problem" of minority members denying the majority a quorum.[3] ("there have to be real consequences"). In a memo from Chief Counsel Renee R. Stineman to Griffin-Valade, the state acknowledges that Ballot Measure 113 was "responsive" to "legislative walkouts." (Boquist Decl., Ex. 5).

(3) *Defendants disqualified Senator Plaintiffs Linthicum and Boquist from running for office because they exercised their First Amendment right to protest*. Retaliatory intent under the First Amendment "can be demonstrated either through direct or circumstantial evidence." *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999). The express

---

[3] *Retrieved from*: Two perspectives on Measure 113, which aims to curb legislative walkouts in Salem - OPB on November 4, 2023.

Page 5 – **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

*purpose and title* of art. IV, § 15 is "Punishment and expulsion of members." Further, no Senate members were given an unexcused absence until the walkout began on May 3rd, 2023. (Boquist Decl., Ex. 1, p. 2). Then, unexcused absences began accumulating for those who denied the majority a quorum. *Id*. *See* Linthicum Decl., Ex. 1; Boquist Decl., Ex. 2 (absence request forms from 2023 Regular Session); *see also* Linthicum Decl., Ex. 1, p. 17 (example of his requests to be excused for political protest); Boquist Decl., Ex. 2, p. 4 (example of his requests to be excused for political protest). Direct *and* circumstantial evidence show Defendants disqualified Senators Boquist and Linthicum from running for office in 2024 because they engaged in a political protest. Accordingly, Plaintiffs make a clear showing of all three elements and are likely to succeed on their First Amendment retaliation claim.

*Furthermore, Defendants are not entitled to immunity for their alleged acts*. The Ninth Circuit has developed a four-factor balancing test to distinguish legislative acts from other non-legislative acts: "(1) whether the act involves ad hoc decision-making, or the formulation of policy; (2) whether the act applies to a few individuals, or to the public at large; (3) whether the act is formally legislative in character; and (4) whether it bears all the hallmarks of traditional legislation." *Kaahumanu v. Cnty. of Maui*, 315 F.3d 1215, 1220 (9th Cir. 2003) (internal quotation marks omitted). The decision to issue "unexcused" absences was made by a single legislator – Defendant Wagner. His decisions were an ad-hoc decisions to punish members for denying the majority a quorum. Excusing legislator absences does not remotely resemble "the hallmarks of traditional legislation." *Kaahumanu*, 315 F.3d at 1220. As such, Defendant Wagner is not entitled to legislative immunity. Moreover, Wagner is not entitled to *qualified* immunity because it is clearly established that punishing elected officials for their political speech is prohibited by the First Amendment.

Page 6 – **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

B. <u>Irreparable Harm Already Began and Will Continue</u>

"[U]nder the law of this circuit, a party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable First Amendment claim." *Index Newspapers LLC v. City of Portland*, 474 F. Supp. 3d 1113, 1125 (D. Or. 2020) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (quotation marks omitted); *see also Otter*, 682 F.3d at 826 (9th Cir. 2012) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); 11A Charles Alan Wright, Federal Practice & Procedure, § 2948.1 (2d ed. 2004) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.")).

Disqualifying Senator Plaintiffs from the 2024 ballot has already preventing them from campaigning and fundraising, while opposing candidates have begun.[4] Disqualifying Senator Plaintiffs from the ballot also prevents Voter Plaintiffs and Party Plaintiffs from supporting a class of candidates who denied the majority a quorum.

C. <u>Balance of Equities and the Public Interest Weigh Heavily in Favor of Injunctive Relief</u>

"Courts considering requests for preliminary injunctions have consistently recognized the significant public interest in upholding First Amendment principles." *Associated Press v. Otter*, 682 F.3d 821, 826 (9th Cir. 2012) (quotation marks omitted). Further, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quotation marks omitted). No doubt, it is in the public interest for Voter

---

[4] A candidate in Senator Boquist's district filed to run on October 27, 2023; and a candidate in Senator Linthicum's district filed to run on October 3, 2023. *Retrieved from*: Oregon Secretary Of State on November 4, 2023. Senators Boquist and Linthicum, along with Voter and Party Plaintiffs, are irreparably harmed each day they cannot campaign and fundraise.

Page 7 – **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, Party Plaintiffs, and all constituents to have candidates who support their views on the ballot – even views unpopular to the majority.

## CONCLUSION

Plaintiff Senators Linthicum and Boquist are irreparably harmed by being disqualified from the 2024 election. Moreover, Voter Plaintiffs and Party Plaintiffs are prevented from voting from the incumbents they support. Plaintiffs respectfully ask this Court to intervene and enjoin Defendant Oregon Secretary of State Griffin-Valade from disqualifying Senators Linthicum and Boquist from the 2024 Election.

DATED this 6th day of November, 2023.

    s/ Elizabeth A. Jones
Elizabeth A. Jones, OSB #201184
Vance D. Day, OSB #912487
James Bopp Jr., ISB #2838-84*
Attorneys for Plaintiffs