**Sent via eMail**

**October 10, 2023**

Secretary of State – LaVonne Griffin-Valade
900 Court Street NE, Capital Suite 136
Salem, OR  97301

### RE: Request for Reconsideration Candidate Application Denial for Senate District 28

Madam Secretary:

Recently your office sent me the attached email and letter in an attempt to disqualify my application as a Republican candidate for the Republican 2024 Primary in District 28. The letter from your office cites OR CONST Art. IV § 15 as the reason. However, this constitutional function is not the responsibility of your office, this is properly a function of the Legislative Branch.

Additionally, the letter cites reference, ORS 249.004, for justification. I will point out that this statute has an optional "*may*" rather than "*shall*" authority. This letter also has a reference to remedial options under ORS 246.910 (5), which provides that a candidate "may" undertake "an appeal to the appropriate circuit court."

The first action taken by either a federal, or state court is, typically, to determine if the parties have attempted a non-court remedial solution. This process is mandated, in federal court cases prior to proceeding.

The purpose of this letter is to seek and request reconsideration in an effort to remedy the matter before undertaking an appeal with the appropriate court, whether federal, or state.

Herein, I will provide documentation showing that your office has discriminated unfairly against me, and harmed my constitutional right to file for an office in the Legislative Branch. Further, I claim that your actions represent an intentional, voluntary, unwarranted and solely partisan act that purposefully violates my constitutional rights.

1. **Lack of Authority**

According to OR CONST Art. III § 1, "The powers of the Government shall be divided into three separate branches, the Legislative, the Executive, including the administrative, and the Judicial; **and no person charged with official duties under one of these branches, shall**

**exercise any of the functions of another, except as in this Constitution expressly provided**."

No expressed constitutional provision exists.

The Legislative Assembly has not created any statute regarding this provision, even as an enduring rule. The previous Attorney General Opinions and the Oregon Supreme Court documented this very well. OR CONST Art IV § 17, also sets the powers of each 'chamber' as a free and independent state not subservient to an appointed partisan Executive Branch official. Note, the terms of art, "house" and "chamber" are used interchangeably by the Attorney General, the Courts, and the public.

## 2. Rightfully Authority Belongs to Senate Chamber

OR CONST Art. IV § 11, puts the sole authority in "each house" to judge elections, qualifications and return of members. The partisan AG memo you released to the public clearly recognizes each "chamber."  The August 1, 2023 memo in line with AG Opinions and Court rulings cites "as determined by their chambers" and "once a chamber has determined" as the prerequisite action.  Per the courts, "action" means a properly executed and recorded vote.

Yet, there is no record of the Senate chamber taking action to determine the appropriate rules governing due process with in the Oregon Legislative Information System (OLIS).

## 3. Violations of Due Process Rights

Information on Oregon Legislature's website is made available as a public service. It does not constitute or represent an official record of the Oregon Legislature. Therefore, a written public records request was submitted to Legislative Counsel (LC) seeking any records of action by the Senate "chamber" with regard to absences "without permission or excuse." The information request resulted in no documents being found. LC found nothing in the 2023 Regular Session legislative record that the Senate chamber even proposed making any such determinations.

Or CONST Art IV § 13 requires "each house shall keep a journal of its proceedings — the yeas and nays on any question" shall be kept. For some odd reason, the Secretary of Senate has not made the journal public, and requests for copies have been delayed, there has never been a *yea* or *nay* vote on the question of absences. Whether it be a majority partisan vote or two-thirds required constitutional vote.

Or CONST Art IV § 14 requires all deliberations to be open to the public. Therefore, any action, debate, or motion by the "chamber" to designate absences "without permission or excuse" would be in the record. Further, such chamber "disorderly behavior" designation

pursuant to OR CONST Art IV § 15 would require "the concurrence of two thirds of the members" of the Senate. Again, LC found nothing.

Or CONST Art IV § 26 documents that, "any member of either house, shall have the right to protest, and have his protest, with his reasons for dissent, entered on the journal."

Outside of any documented chamber action, Senator Wagner created the OREGON STATE SENATE MEMBER REQUEST TO BE EXCUSED form. Rules were also disseminated which required the form to be completed and returned to Senator Wagner, with copies sent to Secretary Broker.

Within the forms that I completed, I relied on my OR CONST Art. IV § 26 rights. I expressly repeated that my protests were based a protest of the illegal actions, both statutorily and constitutionally, that were transpiring on the Senate Floor. Further requests were made to ensure that these constitutional complaints would be entered into the Senate Journal. However, although required by law, the Senate Journal has not been made public.

Therefore, there is no public record regarding the fulfillment of this constitutional requirement by either the Senate President Wagner, or the Secretary of the Senate, Ms. Brocker.

4. False Claims Regarding Issues of Due Process

Recent press releases and statements from your office, express false claims regarding the intent of Ballot Measure 113, cf., OR CONST Art. IV § 15. These statements only provide opinions from third party media reports supporting the false understanding that your office has been given constitutional authority for enforcement. Oddly, these statements revolve around quorum rules for chamber business, OR CONST Art. IV § 12, which were not on the ballot.

Below are excerpts from ballot measure explanations published in the voter's pamphlet. (Excerpts are Italicized):

- *"A candidate may run for office in the next primary and general elections and win."*
- *"The Oregon Constitution currently requires two-thirds of all members of the Senate or of the House of Representatives to be present for the Senate or the House of Representatives to conduct legislative business during a floor session."*
- *"The Constitution also authorizes the Senate or the House to discipline a member of their respective legislative chamber for disorderly behavior, including the authority to expel a member by a two-thirds vote in favor of expulsion"*
- *"Cannot hold office under this measure due to ten or more unexcused absences."*

The text in OR CONST Art. IV § 15 states, "*without permission or excuse … shall be deemed disorderly behavior*." OR CONST Art. IV § 15 is also clear on how disorderly behavior is determined: "*either house may punish its members for disorderly behavior, and may with the concurrence of two thirds*."

Currently there is no formal definition or limit in Oregon legislative rules concerning what constitutes an "unexcused absence." In late June 2023, the Senate President agreed to "interim discussions on rules to clarify excused absences and due process for absences" which never transpired.

> "*The process to have an absence excused begins by filing paperwork explaining the absence with chamber staff, with a determination made by the Senate President or House Speaker who are elected by a vote of the chamber.*"

Actually, the "chamber staff" are not involved nor does it begin with the "chamber staff." The decisions and paperwork are always in the hands of partisan Democrats as can be seen below in a near fevered exultation that there are no rules, no rights of appeal and no explanations required for any determinations made by the Senate President or House Speaker.

> "*Currently there is no right of appeal against those determinations and no requirement for the Senate President or House Speaker to formally explain their decision to declare a legislator's absence as unexcused.*"

This is still true today which is a self-admission of due process violations your office is participating in.

The Secretary of State publicly made claims it was working with the legislature on determining the future Measure 113, cf., OR CONST Art. IV § 15 process, back in May-June 2023. Senator Boquist requested in writing from Legislative Counsel everything that would document this alleged process. LC says nothing exists until August 2023. LC could only produce a letter from the Secretary of the State to the Secretary of the Senate with a letter reply and spreadsheet on or about August 28, 2023.

The Senate Journal as of this day is not available to the public or even Senators despite the law.

### 5. Discrimination Against the Minority Members

Senator Wagner apparently, can change an absence from "not approved" to "approved" any time during the 82nd Legislative Assembly that runs until January 2025. In fact, Mr. Wagner has already changed "not approved" for some Senate members while denying "approval" for members. Senator Wagner, even went so far as to "approve" requests then turn around and "rescind" those "approvals" without any justification, while the Senate member was already hundreds of miles away for the requested absence.

Some were initially approved then after the member departed the state changed to not approved.  Some were neither approved or disapproved until after the actual floor session.  Some refused to allow for doctor mandated medical treatment.  Life threatening treatment.  Odd given there is no evidence Mr. Wagner is a licensed physician but that is a matter for the Oregon Medical Board.  Some were refused religious accommodations after 163 years of practice by the Senate.  Some absences are simple retribution with no reason.  Others members got approved absences at the same time.  And some Senators were absent but listed present.  The Secretary of the Senate never saw the forms from Senator Wagner just an email list from partisan Democrat staff to my knowledge.  And none I have seen to date have a real signature from Senate President Rob Wagner

Likewise, the present members in the Senate chamber could vote to vacate unexcused absences, enforce absences, establish rules or any other enforcement it deems in this matter until January 2025.  In fact, in January 2025 new Senate members could vote during Organizational Days to credential all electors regardless of absences. This was actually done on January 9, 2023, during Organizational Days, as a method of excusing violations of dual office holders and warping the separation of powers for partisan power and to ensure the Democrat majority within the Senate chamber.

Oddly, the Senate has set the precedence in late 2022 that it can change individual and committee actions such as attendance issues back two Sessions. Meaning, the 83rd or 84th Assembly could change attendance status back two years.

The Republican absence lists which your office received from Ms. Brocker were theoretically determined personally by Senator Rob Wagner, however, this is little more than hearsay because there is no record of these determinations or the criterion used for these determinations.

Neither chamber of the legislature has established a process for the implementation of the new version of OR CONST Art. IV § 15.  The Senate issue in May-June 2023 was not Section 15 but Section 12 Quorum.  Section 12 Quorum was not part of Ballot Measure 113 yet your public statements and actions all point to quorum as the issue you are illegally interpreting.

Since the Legislative Assembly has passed no implementation statutes for Measure 113 your discrimination against protest actions by Republican members represents a gross violation of minority member rights.

## 6. Requirements for Upholding the Constitution

OR CONST Art IV Sec 21 requires Senators to swear an oath to uphold the Oregon Constitution. Violating the Constitution is a violation of the law and that oath. The violations of law that occurred on the Floor have been admitted inclusive of corrections in OLIS. It has been noted, you appear to have invoked your partisan "may" authority based upon actions by

the partisan Senate President and partisan elected Secretary of the Senate not the actions of the chamber or house in question.

There is a long list of Oregon Supreme Court rulings and AG Opinions regarding OR CONST Art. IV § 9, OR CONST Art. IV § 15, and OR CONST Art. III § 1. The courts have made clear there is a hard separation line in the constitution, that the legislature is the governing body of itself only, and it requires chambers to vote to take action on any matter. The memo the partisan AG provided is not a legal opinion and is contrary to the AG's own formal opinions.

### 7. Manifest Neglect and Violation of the U.S. Constitution

The AG and Court have determined legislative constitutional authority cannot be delegated. Yet, as documented herein, this is exactly what has transpired. Additionally, the actions of your office violate the First and Fourteen Amendment rights under the U.S. Constitution, for myself and others.

In summary, I am asking for you to reconsider your hasty and imprudent stance regarding the validity of my application and my right to run for office in the May 2024 Primary Election. As I have plainly documented, your actions have specifically harmed myself and the constituents in Senate District 28, and other Senate Districts represented by minority party members, by denying their right to democratically elect a candidate of their choice.

I request your timely response given the deadline in your attached letter.

Sincerely requested,

Sincerely,

*[signature]*

Dennis Linthicum
Senator District 28
Applicant for Senate District 28



OFFICE OF THE SECRETARY OF STATE

LAVONNE GRIFFIN-VALADE
SECRETARY OF STATE

CHERYL MYERS
DEPUTY SECRETARY OF STATE
& TRIBAL LIAISON

ELECTIONS DIVISION

MOLLY WOON
DIRECTOR

255 CAPITOL STREET NE, SUITE 126
SALEM, OREGON 97310-0722

(503) 986-1518

October 19, 2023

Dennis Linthicum
*Sent Via Electronic Mail Only To*: Dennis@ElectDennis.com

Dennis Linthicum:

Thank you for your letter, dated October 10, 2023.

We appreciate the time and effort you have invested in communicating with us and understand the significance of the matters you have raised.

The Elections Division respectfully disagrees with your view of the law and declines to change its determination made on September 20, 2023.

Sincerely,

Lydia Plukchi
Compliance Specialist

Luke Belant
Elections Deputy Director