IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DENNIS LINTHICUM; REJEANA JACKSON; KLAMATH COUNTY REPUBLICAN CENTRAL COMMITTEE; BRIAN J. BOQUIST; JOHN SWANSON; POLK COUNTY REPUBLICAN CENTRAL COMMITTEE; CEDRIC HAYDEN; JOHN LARGE; LANE COUNTY REPUBLICAN CENTRAL COMMITTEE, | Civ. No. 6:23-cv-01624-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| OREGON SENATE PRESIDENT ROB WAGNER; OREGON SECRETARY OF STATE LAVONNE GRIFFIN-VALDE, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Motion for Leave to Appear as Amici Curiae filed by the American Civil Liberties Union of Oregon ("ACLU of Oregon"). ECF No. 19. For the reasons set forth below, the motion is GRANTED.

Page 1 –OPINION & ORDER

"'*Amicus Curiae*,' also known as 'friend of the court,' is generally defined as a person or entity not named as a party to litigation who volunteers to assist the court by providing input or making suggestions on a currently pending matter." *Mississippi Prods., Inc. v. Cincinnati Ins. Co.*, Case No. 3:20-cv-01711-AC, 2021 WL 5305864, at *1 (D. Or. Nov. 15, 2021). The "classic role" of *amicus curiae* is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl C. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Amicus briefs are "frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *N.G.V. Gaming Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp.2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citation omitted). "While there is no rule addressing the filing of an *amicus* brief in a district court, 'the Ninth Circuit has held that a district court has broad discretion in the appointment of *amicus curiae*.'" *Mississippi Prods.*, 2021 WL 5305864, at *1 (quoting *California v. United States Dept. of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014)).

Here, the constitutional issues presented for consideration in Plaintiffs' Motion for Preliminary Injunction, ECF No. 2, have significant implications for the government and people of the State of Oregon. The ACLU of Oregon "is a statewide non-profit and non-partisan organization . . . dedicated to defending and advancing

civil rights and civil liberties for Oregonians." Amicus Mot. 2. The Court concludes that the ACLU of Oregon is likely to lend a unique perspective on the issues presented, which may assist the Court in adjudicating the pending motion. The Court therefore GRANTS ACLU of Oregon's motion to appear as *amicus curiae*.

It is so ORDERED and DATED this ___12th___ day of December 2023.

                          /s/Ann Aiken
                          ANN AIKEN
                          United States District Judge